Howard M. Ehrenberg
 hehrenberg@sulmeyerlaw.com
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: 213.626.2311
Facsimile: 213.629.4510

Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:95-bk-11691-BR |
| JEFFREY ALAN SCOTT and SONYA SCOTT, | Chapter 7 |
| Debtors. | **CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY KING, HOLMES, PATERNO & SORIANO, LLP AS SPECIAL LITIGATION COUNSEL; DECLARATIONS OF HOWARD M. EHRENBERG AND STEPHEN D. ROTHSCHILD IN SUPPORT THEREOF** |
| | [11 U.S.C. §§ 327(a) & (e), 328(a); Fed. R. Bankr. P. 2014 and Loc. Bankr. R. 2014-1(b)(1)] |
| | [No Hearing Required Unless Requested] |

**TO THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTORS AND THEIR COUNSEL, AND PARTIES ENTITLED TO NOTICE:**

Howard M. Ehrenberg ("Trustee"), the Chapter 7 Trustee in the above-referenced case, respectfully applies for authority to employ King, Holmes, Paterno & Soriano, LLC ("KHPS"), as special litigation counsel pursuant to 11 U.S.C. §§ 327(a) & (e) and 328(a), to represent this estate with respect to certain litigation. Jeffrey Alan Scott and Sonya Scott (the "Debtors") filed amended bankruptcy schedules on June 5, 2021, which identified claims against the Walt Disney Company ("Disney"). No dollar value has been scheduled.

1. On June 5, 2021, the Debtors amended their schedule B 21 to identify as property of the Estate "Patents, copyrights, and other intellectual property," and described events that Debtors believed constituted actionable claims, including but not limited to copyright infringement, breach of contract, idea misappropriation, and fraud by Disney, relating to that property (the "Claims").

The Trustee seeks to employ KHPS to represent the Estate with respect to the Claims on a contingency fee basis.

Thirty-three and one-third percent (33⅓%) of any Recovery received based upon a settlement reached on or before sixty (60) days prior to the initially scheduled first day of trial or arbitration hearing; or

Forty percent (40%) of any Recovery received thereafter.

KHPS is qualified to represent the Estate with respect to the Claims. The Trustee anticipates that Howard E. King ("King") and Stephen D. Rothschild ("Rothschild") will be the main attorneys at KHPS who will provide services in this matter. Attached hereto as **Exhibit 1** is a copy of their resumes.

This Application is brought in accordance with 11 U.S.C. § 327(e), Federal Rule of Bankruptcy Procedure 2014, and Local Bankruptcy Rule 2014-1(b), and is made on the grounds that KHPS's representation is in the best interests of the Debtor's estate (the "Estate"), and that KHPS does not represent or hold any interest adverse to the Estate with respect to the matter on which KHPS is to be employed.

This Application is based on the Notice of Application, the attached Memorandum of Points and Authorities, the Declaration of Howard M. Ehrenberg and Stephen D. Rothschild, and exhibits thereto.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order:

1. Authorizing the Trustee to employ, pursuant to 11 U.S.C. §§ 327(a) & (e) and 328(a), and in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2014-1(b), to employ KHPS as the Estate's special litigation counsel at the expense of the Estate.

2. Granting such other relief as the Court deems just and proper.

1 | DATED: September 30, 2021       Respectfully submitted,

*/s/ Howard M. Ehrenberg*
Howard M. Ehrenberg
Chapter 7 Trustee

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BACKGROUND

### The Chapter 7 Filing

On January 20, 1995, the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. The case was converted to chapter 7 on May 14, 1996. Subsequently, Lawrence Diamant ("Diamant") was appointed as chapter 7 trustee. Diamant administered the assets of the Estate, and made distribution to creditors. Subsequently, the case was closed.

On April 23, 2021, the Debtors filed a motion to reopen Chapter 7 Case in order to amend schedules (Docket No. 166). The Court granted the Debtors' motion by order entered June 2, 2021 (Docket No. 171).

Subsequently, the Office of the United States Trustee appointed Howard M. Ehrenberg as the Chapter 7 Trustee in the Debtors' reopened case on June 22, 2021, and the Trustee filed an acceptance of his appointment on June 23, 2021 (Docket No. 185). The Trustee has served in that capacity since.

### The Claims

The bankruptcy case was reopened so the Debtors could amend their schedules to assert claims against the Disney. On June 5, 2021, the Debtors amended their schedule B 21 to list "Patents, copyrights, and other intellectual property," that pre-dated the initial bankruptcy filing as well as described events that occurred thereafter that Debtors believe constituted actionable claims, including but not limited to copyright infringement, breach of contract, idea misappropriation, and fraud by Disney.

### King, Holmes, Paterno & Soriano, LLC

The Trustee intends to pursue the Claims and proposes to employ KHPS, whose address is 1900 Avenue of the Stars, Twenty Fifth Floor, Los Angeles, California 90067, as special litigation counsel to represent the Estate with respect to the Claims on a contingency fee basis. The Trustee anticipates that Howard E. King ("King") and Stephen D. Rothschild ("Rothschild") will be the main

attorneys at KHPS who will provide services in this matter.  Attached hereto as **Exhibit 1** is a copy of their resumes.

The contingency fee is as follows:

Thirty-three and one-third percent (33⅓%) of any Recovery received based upon a settlement reached on or before sixty (60) days prior to the initially scheduled first day of trial or arbitration hearing; or

Forty percent (40%) of any Recovery received thereafter.

KHPS is qualified to represent the Estate with respect to the Claims.

This Application is brought in accordance with 11 U.S.C. § 327(e), Federal Rule of Bankruptcy Procedure 2014, and Local Bankruptcy Rule 2014-1(b), and is made on the grounds that KHPS's representation is in the best interests of the Debtor's estate (the "Estate"), and that KHPS does not represent or hold any interest adverse to the Estate with respect to the matter on which KHPS is to be employed.

On August 26, 2021 the Trustee filed "*Chapter 7 Trustee's Motion To Approve Sharing Agreement*" (Docket No. 186) (the "Motion").  The Sharing Agreement identifies how the proceeds of a lawsuit victory or lawsuit settlement are to be divided between the Debtors' estate and the Debtors—the Estate will be entitled to (i) if the net recovery is $1.5 million or less, the lesser of 33.3% of that net amount or the amount necessary to pay all allowed unsecured claims in full, or (ii) if the net recovery is $1.5 million or greater, the lesser of that recovery minus $500,000, or the amount necessary to pay all allowed unsecured claims in full.  The Motion was granted by order entered September 24, 2021.

## II.

## THE COURT SHOULD AUTHORIZE THE TRUSTEE TO EMPLOY KHPS

Bankruptcy Code section 327(e) provides:

> (e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the

debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

Based upon the attached declaration of Stephen D. Rothschild, the Trustee is satisfied that KHPS does not hold or represent an interest adverse to the Estate with respect to the matter for which KHPS is being employed.

The Trustee believes that the terms of his agreement with KHPS are reasonable. Pursuant to 11 U.S.C. § 328, the Court will retain authority to allow compensation different from the compensation provided under this Agreement after conclusion of the employment if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time this Application was filed.

KHPS has not received a retainer nor will it receive a lien or interest in property of the Estate with respect to its representation. The Estate will not be obligated to pay any fee to KHPS if no recovery is made by it.

As stated in the attached Declaration of Stephen D. Rothschild, KHPS understands the provisions of §§ 327(a) & (e) and 328(a) of the Bankruptcy Code which require, among other things, Bankruptcy Court approval of employment and Bankruptcy Court authorization of all fees and costs that KHPS may seek for its services.

KHPS will comply with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, promulgated by the U.S. Trustee Program and reprinted at 28 CFR Part 58, Appendix A.

## III.

## CONCLUSION

For the foregoing reasons, the Trustee believes that the employment of KHPS at the expense of the Estate is necessary and in the best interests of the Estate and its creditors.

| | | |
|---|---|---|
| 1 | DATED: September 30, 2021 | Respectfully submitted, |

*/s/ Howard M. Ehrenberg*
Howard M. Ehrenberg
Chapter 7 Trustee

# DECLARATION OF HOWARD M. EHRENBERG

I, Howard M. Ehrenberg, declare:

1.    I am the duly appointed and acting trustee for the bankruptcy estate of the Debtor. I make this declaration in support of the attached "Chapter 7 Trustee's Application To Employ King, Holmes, Paterno & Soriano, LLP As Special Litigation Counsel" (the "<u>Application</u>").

2.    Except as otherwise indicated, all statements made herein are based on my personal knowledge or my review of relevant documents. If called to testify as a witness in this matter, I could and would competently testify under oath to the truth of the statements set forth herein. Unless otherwise indicated, defined terms shall have the same meaning as defined in the Application.

3.    On January 20, 1995, the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. The case was converted to chapter 7 on May 14, 1996. Subsequently, Lawrence Diamant ("<u>Diamant</u>") was appointed as chapter 7 trustee. Diamant administered the assets of the Estate, and made distribution to creditors. Subsequently, the case was closed.

4.    On April 23, 2021, the Debtors filed a motion to reopen Chapter 7 Case in order to amend schedules (Docket No. 166). The Court granted the Debtors' motion by order entered June 2, 2021 (Docket No. 171).

5.    Subsequently, the Office of the United States Trustee appointed me as the Chapter 7 Trustee in the Debtors' reopened case on June 22, 2021, and I filed my acceptance of my appointment on June 23, 2021 (Docket No. 185). I continue to serve in that capacity.

6.    The bankruptcy case was reopened so the Debtors could amend their schedules to assert claims against the Disney. On June 5, 2021, the Debtors amended their schedule B 21 to list "Patents, copyrights, and other intellectual property," that pre-dated the initial bankruptcy filing as well as describe events that occurred thereafter that Debtors believed constitute actionable claims, including but not limited to copyright infringement, breach of contract, idea misappropriation, and fraud by Disney.

7.    I propose to employ KHPS as my special litigation counsel to pursue the Claims on behalf of the Estate on a contingency fee basis. I anticipate that King and Rothschild will be the main

attorneys at KHPS who will provide services in this matter.  Attached as **Exhibit 1** is a copy of their resumes.

8.  KHPS has represented and continues to represent the Debtors in the lawsuit.  To the best of my knowledge and based upon the Declaration of Rothschild, KHPS does not represent or hold any interest adverse to the Debtors or to the Estate with respect to the matter on which KHPS is to be employed.

9.  I seek to employ KHPS to represent the Estate with respect to the Claims on a contingency fee basis, as follows:

   a.  Thirty-three and one-third percent (33⅓%) of any Recovery received based upon a settlement reached on or before sixty (60) days prior to the initially scheduled first day of trial or arbitration hearing; or

   b.  Forty percent (40%) of any Recovery received thereafter.

10.  KHPS is qualified to represent the Estate with respect to the Claims.

11.  This Application is brought in accordance with 11 U.S.C. § 327(e), Federal Rule of Bankruptcy Procedure 2014, and Local Bankruptcy Rule 2014-1(b), and is made on the grounds that KHPS's representation is in the best interests of the Debtors' Estate and that KHPS does not represent or hold any interest adverse to the Estate with respect to the matter on which KHPS is to be employed.

12.  To the best of my knowledge and based upon the attached Declaration of Stephen D. Rothschild, KHPS does not represent or hold any interest adverse to the Debtor or to the Estate with respect to the matter on which KHPS is to be employed.

13.  I have determined that it is in the best interests of the Estate to retain KHPS pursuant to 11 U.S.C. § 328 on a contingent fee basis.  I believe the contingency fee is reasonable.  Pursuant to 11 U.S.C. § 328, the Court will retain authority to allow compensation different from the compensation provided under this agreement after conclusion of the employment if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time this Application was filed.

14.  KHPS has not received a retainer for this proposed engagement nor will it receive a lien or interest in property of the Debtor's bankruptcy estate with respect to its representation.  KHPS

Main Document    Page 10 of 16

1 | is not currently owed any fees or costs for representing the Debtors' during its pre-petition
2 | representation.
3 |     I declare under penalty of perjury of the laws of the United States that the foregoing is true and
4 | correct.
5 |     Executed on September 30, 2021 at Los Angeles, California.

                        Howard M. Ehrenberg
                        Chapter 7 Trustee

cab 2727603v4

10

# DECLARATION OF STEPHEN D. ROTHSCHILD

I, Stephen D. Rothschild, declare:

1. I am an attorney at law, qualified to practice in all Courts of the State of California, and the United States District Court for the Central District of California. I make this declaration in support of the attached "Chapter 7 Trustee's Application To Employ King, Holmes, Paterno & Soriano, LLP As Special Litigation Counsel" (the "Application"). Unless indicated to the contrary, I have personal knowledge of the facts stated herein, and if called as a witness I could testify that said facts are true and correct. Unless otherwise indicated, defined terms shall have the same meaning as defined in the Application.

2. On behalf of my law firm, I represent the Debtors in potential claims against Disney.

3. The Trustee proposes to employ KHPS as the Estate's special counsel. I and all attorneys associated with me who will render services in this case are duly admitted to practice law in the State of California and in the United States District Court for the Central District of California. I and King will be the attorneys primarily providing services in the potential lawsuit. Attached hereto as **Exhibit 1** is a copy of our resume, which sets forth my qualifications and experience.

4. I have significant experience in similar matters and am already familiar with the law and the facts in this case as I continue to represent the Debtor.

5. KHPS has agreed to be employed as special litigation counsel for the Trustee on a contingency basis of:

   a. Thirty-three and one-third percent (33⅓%) of any Recovery received based upon a settlement reached on or before sixty (60) days prior to the initially scheduled first day of trial or arbitration hearing; or

   b. Forty percent (40%) of any Recovery received thereafter.

6. KHPS has not received a retainer nor will it receive a lien or interest in property of the Debtor with respect to its representation. The Estate will not be obligated to pay any fee to KHPS if there is no recovery.

7. KHPS understands and has agreed that compensation for our services shall be such sums as may be allowed by the Bankruptcy Court in accordance with the Sharing Agreement and the Court's order .

8. KHPS will only be paid the fees and costs if there is recovery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 30 day of September, 2021, at Los Angeles, California.

Stephen D. Rothschild

**EXHIBIT 1**

Stephen Rothschild is a partner of King, Holmes, Paterno & Soriano and has served as lead counsel in more than 75 arbitrations, mediations, administrative law hearings, civil service hearings, and bench trials and several jury trials.

Mr. Rothschild's litigation practice includes a broad range of entertainment and intellectual property related issues, including copyright, trademark, idea misappropriation, name and likeness, publicity and sound alike claims; manager/artist disputes including in administrative proceedings under California's Talent Agencies Act; complex royalty claims; and locating hidden operators of websites to take down defamatory and infringing material. Mr. Rothschild also litigates employment claims, banking disputes, accountant malpractice claims, and other business disputes.

Representative cases include Andre Young p/k/a Dr. Dre v. Wideawake Death Row Entertainment LLC, et al., Case No. CV 10-1019 CAS, (summary judgment confirming Dr. Dre's continued ownership of digital rights in the classic album "The Chronic"); Kesha Rose Sebert pka KE$HA v. DAS Communications, Ltd., Case No. TAC-19800 (award reducing by half ex-manager's potential recovery on multimillion dollar commission claim); Security Network, Inc. v. Humboldt Bank, 2006 WL 438648 (reversal of denial of judgment on breach of contract claim against nationwide credit card processor); Ironridge Financial v. Green Automotive (successful defense against predatory lender's enforcement of stipulation for entry of judgment against publicly traded corporate borrower).

Mr. Rothschild received a Bachelor of Arts degree in English Literature from the University of California, Berkeley in 1984 and his J.D. in 1987 from Loyola Law School, where he received the Bancroft Whitney Award for Excellence in the Study of Employment Discrimination, clerked at the Los Angeles City Attorney's Office, and was an extern for Ninth Circuit Judge Stephen Reinhardt. He is admitted to practice before the Central, Southern and Northern Districts of California and Ninth Circuit, and in addition to state courts throughout California has practiced before state courts in New York and Texas, and the United States District Court for the Southern District Court of New York.

## Areas Of Practice

- Business Litigation
- Intellectual Property

- Employment Litigation

## Bar Admissions

- California, 1987

## Education

- **Loyola Law School**, Los Angeles, California
    - J.D. - 1987
- **University Of California At Berkeley**
    - B.A. - 1984

## Honors and Awards

- Recipient, Bancroft Whitney Award For Excellence In The Study Of Employment Discrimination

## Professional Associations and Memberships

- Los Angeles County Bar Association, Member

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, CA 90071-1406.

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY KING, HOLMES, PATERNO & SORIANO LLP  AS SPECIAL LITIGATION COUNSEL; DECLARATIONS OF HOWARD M. EHRENBERG AND M. STEPHEN D. ROTHSCHILD IN SUPPORT THEREOF**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 1, 2021 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Lawrence A Diamant (TR)**
- **Howard M Ehrenberg (TR)**    ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com
- **Jeffrey J Hagen**    jeff@hagenhagenlaw.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**:  On    , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on   , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 1, 2021 | Cheryl A. Blair | *Cheryl A. Blair* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |